UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

June 15, 2023

LETTER TO ALL COUNSEL OF RECORD

Re:  *Kaylee J. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
     Civil No. 22-2653-BAH

Dear Counsel:

On October 16, 2022, Plaintiff Kaylee J. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2021). I have considered the record in this case (ECF 8) and the parties' dispositive briefs (ECFs 11 and 13). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will AFFIRM the Commissioner's decision. This letter explains why.

## I.  PROCEDURAL BACKGROUND

Plaintiff filed a Title XVI application for Supplemental Security Income ("SSI") benefits on May 26, 2020, alleging a disability onset of May 11, 2020. Tr. 146–55. The claim was denied initially and on reconsideration. Tr. 78–81, 84–86. On February 23, 2022, an Administrative Law Judge ("ALJ") held a hearing. Tr. 34–60. Following the hearing, on March 18, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[1] during the relevant time frame. Tr. 17–33. The Appeals Council denied Plaintiff's request for review, Tr. 1–6, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.  THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. § 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a

---

[1] 42 U.S.C. §§ 301 et seq.

*Kaylee J. v. Kijakazi*
Civil No. 22-2653-BAH
June 15, 2023
Page 2

severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since May 11, 2020, the application date." Tr. 22. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "attention deficit hyperactivity disorder, generalized anxiety disorder, major depressive disorder, post-traumatic stress disorder, and social anxiety disorder."[2] *Id*. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 23. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: limited to simple, routine tasks in entry-level, unskilled work with instructions that are not involved; while the individual can sustain concentration and persistence for 2-hour segments, the job must include routine, customary breaks after about 2-hour periods of work; no fast-paced production rate (defined as a setting in which a rapid pace of work is set by a conveyor belt or other similar external source, as well as rapid assembly line work where co-workers are side-by-side and the work of one affects the work of the other); limited to low-stress work (defined as involving only occasional independent decision making and/or changes in the work setting); limited to only occasional interaction with the public, co-workers, and/or supervisors; as to co-workers, only occasional tandem tasks.

Tr. 24. The ALJ determined that Plaintiff has no past relevant work but could perform other jobs existing in significant numbers in the national economy. Tr. 27–28. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 29.

### III.   LEGAL STANDARD

As noted, the scope of my review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative

---

[2] The ALJ did not find that Plaintiff suffered from any non-severe impairments.

*Kaylee J. v. Kijakazi*
Civil No. 22-2653-BAH
June 15, 2023
Page 3

decision is impossible without an adequate explanation of that decision by the [ALJ].").

**IV.     ANALYSIS**

On appeal, Plaintiff argues that the ALJ erred by: (1) failing to support the RFC with a function-by-function analysis and narrative discussion; (2) failing to explain how the evidence "supports a finding of 'largely normal' attention and concentration, and how, given this evidence, he concluded that the Plaintiff would be capable of sustaining concentration and persistence for 2-hour segments"; (3) failing to explain how Plaintiff could work five days per week for eight hours per day; (4) failing to explain how Plaintiff could interact occasionally with supervisors, co-workers, and the public despite her mental impairments; (5) failing to explain how "despite Plaintiff's moderate difficulties in maintaining concentration, persistence, or pace, she would be productive or remain on task for 91 percent of an eight-hour workday"; and (6) failing to properly evaluate Plaintiff's subjective complaints and daily activities. ECF 11, at 3–18.

Defendant counters that the ALJ's RFC was adequately supported by a "thorough summary of the evidence" which "considered the opinion evidence and prior administrative medical findings, none of which indicated greater limitations." ECF 13, at 10. Defendant also avers that the ALJ appropriately evaluated Plaintiff's subjective complaints and activities of daily living in his RFC analysis. *Id.* at 15–20.

A.     The ALJ Properly Assessed Plaintiff's RFC.

As an initial matter, the ALJ's failure to conduct a function-by-function analysis in this case does not warrant remand. The Fourth Circuit has held that a *per se* rule requiring remand when the ALJ does not perform an explicit function-by-function analysis "is inappropriate given that remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)). Remand is only required "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (quoting *Cichocki*, 729 F.3d at 177). As such, the lack of an explicit function-by-function analysis does not warrant remand where, as here, a careful review of the ALJ's decision makes clear that the ALJ amply supported the RFC determination with substantial evidence. The ALJ engaged in a narrative discussion of Plaintiff's medical evidence spanning approximately five pages and citing to specific evidence in the record. Tr. 23–27. The ALJ also logically explained how this evidence, along with Plaintiff's testimony, Plaintiff's function reports, various mental status examinations, and prior administrative findings, led the ALJ to the conclusion that Plaintiff can perform a full range of work with certain physical limitations. *Id.*

Despite this discussion, Plaintiff contends that the ALJ failed to explain how Plaintiff exhibited "largely normal" attention and concentration abilities. ECF 11, at 8. I disagree. Based upon Plaintiff's reported experiences of "racing thoughts" and her inability to finish projects, the ALJ assessed Plaintiff's difficulties in concentrating, persisting, and maintaining pace as "moderate." Tr. 23. But the ALJ also took note of Plaintiff having "endorsed improvement with

*Kaylee J. v. Kijakazi*
Civil No. 22-2653-BAH
June 15, 2023
Page 4

medication and therapy," and of Plaintiff's statement that "medication helped her complete tasks[.]" *Id.* Additionally, the ALJ noted outpatient therapy records, made between May 2020 and January 2021, which reflected Plaintiff's "linear stream of thought, unremarkable content of thought, intact memory, and good insight and judgment." Tr. 26 (noting that Plaintiff was "alert and oriented" during these therapy visits). Moreover, the ALJ observed that treatment notes made between April 2021 and September 2021 stated that Plaintiff exhibited "normal behavior and eye contact, friendly and cooperative attitude, clear speech, happy mood, logical and linear thought process, appropriate thought content, intact memory, appropriate concentration, and good insight." *Id.* As such, I find that the ALJ's description of Plaintiff's concentration and attention abilities as "largely normal" is supported by substantial evidence.

Plaintiff also avers that the ALJ erred by failing to explain how, despite her anxiety, Plaintiff could work five days per week for eight hours per day, could work in two-hour increments, and could interact occasionally with supervisors, co-workers, and the public. ECF 11, at 6–8. A careful review of the ALJ's decision reveals that these findings are adequately supported. The ALJ engaged in an extensive discussion of Plaintiff's testimony and function reports, which document her history of difficulty with leaving home unaccompanied, attending medical appointments, and focusing on tasks. Tr. 25–27. The ALJ also credited Plaintiff's "statements regarding worsening symptoms in stressful situations" and found that these symptoms warranted a limitation to "low-stress work with no fast-paced production rate." Tr. 27. But, because Plaintiff noted an ability to "get along with authority figures, follow spoken instructions, shop in public and by telephone, and socialize with family and her partner," the ALJ found Plaintiff capable of occasional social interaction at work.[3] Tr. 26–27. The ALJ also noted that Plaintiff was able to "run errands for up to 2 hours." Tr. 26. Given this, the RFC restrictions limiting Plaintiff to working in two-hour increments and interacting occasionally at work are supported by substantial evidence. Further, the ALJ need not have explained his finding that Plaintiff can work eight hours per day for five days per week. *See Adrienne P. v. Kijakazi*, No. BPG-22-358, 2023 WL 2407394, at *3 (D. Md. Jan. 6, 2023) (finding that the failure to address an "ability to perform work-related activities eight hours per day, five days per week" did not warrant remand because "an RFC determination implicitly contains a finding that [a] plaintiff is able to" maintain this schedule).

Plaintiff also contends that the RFC "defies review" because the ALJ failed to explain how, despite her moderate difficulties in maintaining concentration, persistence, or pace, Plaintiff would "be productive or remain on task for 91 percent of an eight-hour workday." ECF 11, at 11. This argument conflates the vocational expert's testimony with the ALJ's decision. At the hearing, the vocational expert testified that being off task for more than nine percent of a workday would

---

[3] Plaintiff appears to cite *Shelley C. v. Commissioner*, 61 F.4th 341 (4th Cir. 2023), for the proposition that Plaintiff's level of anxiety precludes her from interacting occasionally with others or working on a regular and continuing basis. ECF 11, at 7 n.1. But Plaintiff fails to explain *Shelley C.*'s relevance to the instant case. Indeed, *Shelley C.* appears to be inapposite. There, the Fourth Circuit found that "overwhelming evidence" suggested a "marked," rather than moderate, limitation in the plaintiff's ability to interact with others due to her "constant desire to self-isolate." *Shelley C.*, 61 F.4th at 366–67. Such "overwhelming" findings are not present in this case.

preclude work. Tr. 57. But Plaintiff's argument is unavailing because the ALJ's decision does not include any finding that Plaintiff would be off task for a particular period of time. Indeed, the ALJ was not required to make such a finding. *See, e.g.*, *Kane v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-1252, 2018 WL 2739961, at *2 n.2 (D. Md. May 14, 2018) ("[A]n ALJ is not required to determine a percentage of time off-task, and can simply consider whether a claimant has the ability to sustain work over an eight-hour workday."). Accordingly, the ALJ's failure to explain a determination that the ALJ did not make does not warrant remand.

### B. The ALJ Properly Evaluated Plaintiff's Symptoms and Daily Activities.

Plaintiff next argues that the ALJ failed to properly evaluate her symptoms and daily activities in contravention of *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020). ECF 11, at 12–18. In *Arakas*, the Fourth Circuit found that the ALJ "improperly discredited [a claimant's] statements about the severity, persistence, and limited effects of her symptoms because he did not find them to be 'completely consistent with the objective evidence.'" *Arakas*, 983 F.3d at 96 (internal citations omitted). "Because [the claimant] was 'entitled to rely exclusively on subjective evidence to prove' that her symptoms were 'so continuous and/or so severe that [they] prevent[ed] [her] from working a full eight hour day,' the ALJ 'applied an incorrect legal standard' in discrediting her complaints based on the lack of objective evidence corroborating them." *Id.* (internal citations omitted). The Fourth Circuit thus concluded that the ALJ "'improperly increased her burden of proof' by effectively requiring her subjective descriptions of her symptoms to be supported by objective medical evidence." *Id.* (quoting *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017)). At the same time, however, "a claimant's allegations" "need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can be reasonably be expected to cause the pain the claimant alleges she suffers." *Craig*, 76 F.3d at 595.

Here, a careful review of the ALJ's decision reveals that the ALJ properly assessed Plaintiff's subjective complaints. The ALJ first determined that Plaintiff's "attention deficit hyperactivity disorder, generalized anxiety disorder, major depressive disorder, post-traumatic stress disorder, and social anxiety disorder" were severe. Tr. 22. The ALJ then proceeded to evaluate Plaintiff's symptoms and the extent to which they limit her capacity to work. But, contrary to Plaintiff's assertions, this process comported with the requirements delineated in *Arakas*, as the ALJ did not require Plaintiff to produce "objective evidence" to corroborate her subjective complaints. *Arakas*, 983 F.3d at 96. Specifically, the ALJ noted Plaintiff's testimony that she: (1) has been unable to control her symptoms with medication; (2) has avoided leaving home unaccompanied for approximately two years; (3) has trouble with concentrating and finishing tasks; and (4) found "little relief" by using medication. Tr. 25. As discussed above, the ALJ even credited Plaintiff's own "statements regarding worsening symptoms in stressful situations" by determining that these symptoms warranted a restriction to "low-stress work with no fast-paced production rate." Tr. 27. But the ALJ ultimately determined that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record." Tr. 26. As rationale for this determination, the ALJ noted, among other things, that Plaintiff had experienced

"improvement with generally conservative treatment" and "frequently reported that she was doing well overall." *Id*. Moreover, as discussed above, the ALJ noted that Plaintiff's mental status examinations showed "largely normal attention, concentration, insight, judgment, memory, cognition, and fund of knowledge." *Id*. The ALJ further noted that, despite her social anxiety, Plaintiff "was able to behave appropriately during appointment[s] and was generally cooperative." *Id.*

A careful reading of this analysis reveals that the ALJ merely weighed Plaintiff's subjective complaints against other record evidence. This remains permissible under *Arakas*. *See John O. v. Kijakazi*, No. AAQ-21-1378, 2022 WL 2305255, at *5 (D. Md. June 27, 2022) (distinguishing *Arakas* and affirming the ALJ's decision where the ALJ discounted the plaintiff's subjective complaints based on objective medical evidence—rather than a *lack* of objective evidence as was impermissible in *Arakas*); *Craig*, 76 F.3d at 595 (noting that, generally, "objective medical evidence and other objective evidence [are] crucial to evaluating the intensity and persistence of a claimant's pain and the extent to which it impairs her ability to work"). As such, I find that the ALJ properly evaluated Plaintiff's symptoms.

Plaintiff also contends that the ALJ contravened *Arakas* by assessing her daily activities "without also considering the extent to which she could perform them." ECF 11, at 18. I disagree. To be sure, "[a]n ALJ may not consider the *type* of activities a claimant can perform without also considering the *extent* to which she can perform them." *Arakas*, 983 F.3d at 99 (quoting *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (emphasis in original)). But here, the ALJ's analysis of Plaintiff's activities did not fail to consider the extent to which Plaintiff could perform the activities. *See, e.g.*, Tr. 23 (noting that Plaintiff was "unable to leave home some days"); Tr. 25 ("She reported being able to cook for up to an hour and prepare full meals."); Tr. 26 ("She reported being able to persist at cooking for an hour at a time and run errands for up to 2 hours."). Accordingly, the ALJ's discussion of the extent of the activities assessed here is sufficient. *See Footman v. Kijakazi*, No. 21-1116, 2023 WL 1794156, at *2 (4th Cir. Feb. 7, 2023) (affirming despite the fact that "the ALJ may not have listed every single additional qualifying statement about the extent to which [Plaintiff] can perform daily activities" because "the ALJ did demonstrate that she adequately considered [the activities] and found them to be inconsistent with specific, objective evidence in the record"). As such, I find that the ALJ's assessment of Plaintiff's daily activities was supported by substantial evidence.[4]

### V.   CONCLUSION

For the reasons set forth herein, the SSA's judgment is AFFIRMED pursuant to sentence

---

[4] Plaintiff also avers that her ability to "perform tasks in her home does not correspond to the ability to perform work-related activities in the workplace outside of her home." ECF 11, at 15. But the ALJ did not base his assessment of Plaintiff's abilities solely upon her ability to perform household tasks. Rather, the ALJ found that Plaintiff's "reported ability to shop in public, get along with authority figures, [and] accept instruction," along with Plaintiff's "largely cooperative and appropriate behavior during appointments," made Plaintiff capable of "occasional social interaction" at work. Tr. 27.

*Kaylee J. v. Kijakazi*
Civil No. 22-2653-BAH
June 15, 2023
Page 7

four of 42 U.S.C. § 405(g).  The clerk is directed to CLOSE this case.

     Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

                              Sincerely,

                              /s/

                              Brendan A. Hurson
                              United States Magistrate Judge